RICHARD H. RAHM, CA Bar 130728
rrahm@littler.com
ANGELA J. RAFOTH, CA Bar 241966
arafoth@littler.com
LITTLER MENDELSON, P.C.
333 Bush Street, 34th Floor
San Francisco, CA 94104
T: 415.433.1940 / F: 415.399.8490

KRISTY L. PETERS, AZ Bar 024756
kpeters@littler.com
LITTLER MENDELSON, P.C.
2425 E. Camelback Rd., Suite 900
Phoenix, AZ 85016
T: 602.474.3639 / F: 602.926.8749

Attorneys for Defendant
Swift Transportation Co. of Arizona, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Julian, on her own behalf, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Swift Transportation, Inc. and Swift Transportation Co. of Arizona, LLC,<br><br>Defendants. | Case No. 2:16-CV-00576-ROS<br><br>**DEFENDANT SWIFT TRANSPORTATION'S SHORT LIST OF CASES RE: FLSA FINAL CERTIFICATION** |

**SHORT LIST OF CASES RE FLSA FINAL CERTIFICATION**

Pursuant to the Court's instructions at the Joint Status Conference held on January 14, 2020, Defendant Swift Transportation, Inc., respectfully submits the following short list of cases addressing the requirement for final collective certification in a case under the federal Fair Labor Standards Act:

- *Rodriguez v. SLGC, Inc.*, 2012 WL 5705322, *4 (E.D. Cal. Nov. 15, 2012). The court described the two-step certification process, noting that "Conditional certification of a FLSA collective action is 'merely a preliminary finding,'" *id.* at *3, and that following discovery the second step is "less lenient," *id.* 4. "At this stage, it is the plaintiffs who bear the "heavier burden" of showing that the plaintiffs are similarly situated" (citing *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1261 (11th Cir.2008)). *Id.* Although the second stage inquiry is often triggered by a defense motion for decertification, "[g]iven that it is Plaintiffs who bear the burden of establishing that they are similarly situated at the second stage of certification, the Court finds that, even though Defendants typically move to decertify the conditionally certified collective action, it is ultimately Plaintiffs' responsibility to seek final certification and demonstrate to the Court that Plaintiffs are similarly situated so that the case may proceed as a collective action. Because Plaintiffs have made no such motion, and offered no evidence for the purpose of allowing the Court to make the 'more informed factual determination of similarity,' (citation omitted) the case cannot proceed as a FLSA collective action." *Id.*

- This Court and other district courts in the Ninth Circuit generally follow the two-step certification procedure under the FLSA. *See e.g.*, *Kesley v. Entertainment U.S.A., Inc.*, 67 F.Supp.3d 1061, 1065 (D.Ariz. 2014); *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462 (N.D. Cal. 2004); *Church v. Consolidated Freightways, Inc.*, 137 F.R.D. 294, 306–08 (N.D. Cal. 1991).

- *Espencheid v. DirectSatUSA LLC*, No. 09-cv-625, 2011 U.S. Dist. LEXIS 56062, *13 (W.D. Wis. May 23, 2011): Demonstrating that the duty to monitor FLSA collective certification is ongoing and must be revisited as necessary. In *Espenscheid*, *id.*

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

SHORT LIST OF CASES RE FLSA FINAL CERTIFICATION    1.    CASE NO. 2:16-CV-00576-ROS

at *5, the court, even though it had conditionally certified the case as a collective action and originally had denied defendant's motion to decertify, revisited that decision two weeks before trial and decertified the FLSA § 216(b) collective action.

- In *Johnson v. Big Lots Stores, Inc.*, 561 F. Supp. 2d 567, 569 (E.D. La. 2008), the court had both conditionally certified the case as a collective action, and denied defendant's motion for decertification. After trial had been conducted, however, the court changed its mind based on the evidence presented to it during trial.

- *Halle v. West Penn Allegheny Health System, Inc. et al.*, 842 F.3d 215 (3d Cir. 2016): This case discusses the two step certification process and notes that at the conclusion of discovery, the parties typically file either a motion seeking final certification, or a motion for decertification, where Plaintiff bears the burden.  Suggests the importance of this two-step process to proceeding as a collective.  *See also*  Myers v. Hertz Corp., 624 F.3d 537 (2d Cir. 2010); Cameron-Grant v. Maxim Healthcare Servs., Inc., C.A.11th, 2003, 347 F.3d 1240

- *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013): Unlike a classe action under Rule 23, "[u]nder the FLSA, by contrast, 'conditional certification' does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court, § 216(b).".

Respectfully Submitted,

Dated:  January 15, 2020

*/s/ Richard H. Rahm*
RICHARD H. RAHM
LITTLER MENDELSON, P.C.

Attorneys for Defendant
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

SHORT LIST OF CASES RE FLSA FINAL CERTIFICATION   2.   CASE NO.  2:16-CV-00576-ROS

1  I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants this 15th day of January, 2020.

2

3

4

5  /s/ Charisse Goodman

6

7  4822-2102-0849.1 095986.1001

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415.433.1940

SHORT LIST OF CASES RE FLSA FINAL CERTIFICATION | 3. | CASE NO. 2:16-CV-00576-ROS